**NOT FOR PUBLICATION**

JUL 24 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LI ZHU,<br><br>                    Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 10-72289<br><br>Agency No. A095-450-164<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

     Li Zhu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") order denying her motion to reopen proceedings conducted in

absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

The agency did not abuse its discretion in denying Zhu's motion to reopen as untimely because the motion was filed more than five years after the final order of removal, *see* 8 U.S.C. § 1229a(b)(5)(C)(i) (an alien seeking to reopen and rescind an in absentia removal order based on exceptional circumstances must file the motion within 180 days), and Zhu failed to establish the due diligence required for equitable tolling of the filing deadline, *see Iturribarria*, 321 F.3d at 897.

Zhu failed to raise, and therefore waived, any challenge to the BIA's denial of her motion to remand her case to the IJ for consideration of new evidence. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

**PETITION FOR REVIEW DENIED.**